This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: June 21, 2018**

**NO. S-1-SC-36408**

**STATE OF NEW MEXICO,**

      Plaintiff-Respondent,

v.

**SAMMY J. PINON,**

      Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Mark Sanchez, District Judge**

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Petitioner


Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Respondent

# DISPOSITIONAL ORDER OF REVERSAL

**VIGIL, Justice.**

{1}    This appeal having come before the Court on a petition for writ of certiorari, the Justices having read the briefs of the parties and otherwise having fully informed themselves on the issues and applicable law as raised by the parties, and all of the Justices having concurred that there is no reasonable likelihood that a written decision or opinion would affect the disposition of this appeal or advance the law of the state, we enter this dispositional order of reversal of the Court of Appeals and remand to the Court of Appeals for further proceedings addressing the merits of the appeal.

{2}    In 2007, Sammy Pinon (Pinon) was convicted of retaliation against a witness, contrary to NMSA 1978, Section 30-24-3(B) (1997), and sentenced to ten years imprisonment. Pinon timely filed a docketing statement with the Court of Appeals, appealing his conviction on the sole issue of sufficiency of the evidence. The Court of Appeals issued a summary calendar notice proposing to affirm the conviction. Pinon did not file a memorandum in opposition, and the Court of Appeals issued a memorandum opinion affirming his conviction. *State v. Pinon*, No. 28,307 (N.M. Ct. App. Aug. 11, 2008) (non-precedential).

{3}    In 2012, Pinon filed an amended petition for writ of habeas corpus with the

Fifth Judicial District Court raising, *inter alia*, claims of ineffective assistance of trial and appellate counsel on the grounds that his trial counsel failed to properly impeach a witness at a preliminary hearing and that his appellate counsel failed to raise a plausible claim on appeal and failed to take any action in his appeal after filing the docketing statement. After conducting a hearing on the merits, the district court granted the petition for writ of habeas corpus in part. The district court denied Pinon's due process claims but found that his appellate counsel

> rendered per se ineffective assistance of counsel on . . . direct appeal by failing to file *any* pleadings (memorandum in opposition to calendar notice, motion for rehearing, or petition for certiorari) on his behalf . . . and by failing to include all plausible claims raised in the [d]istrict [c]ourt in the [d]ocketing [s]tatement (or by moving to amend the [d]ocketing [s]tatement).

The district court reinstated Pinon's right to a direct appeal under Article VI, Section 2 of the New Mexico Constitution and ordered his habeas counsel to file a new notice of appeal and new docketing statement with the Court of Appeals. The State did not appeal the district court's grant of habeas corpus relief reinstating Pinon's right to a direct appeal. *See* Rule 5-802(H)(1) NMRA (2009) (providing the State with an appeal as of right to the granting of a writ of habeas corpus).

**{4}** Pursuant to the district court's reinstatement of his right to a direct appeal, Pinon filed a second notice of appeal and docketing statement with the Court of

Appeals in 2014 appealing his 2007 conviction of retaliation against a witness. On appeal, Pinon claims a violation of the confrontation clause under Article II, Section 14 of the New Mexico Constitution, insufficient evidence to support his conviction, and ineffective assistance of trial and appellate counsel.

{5}     The Court of Appeals issued a memorandum opinion in Pinon's reinstated appeal, summarily dismissing it on the basis that Pinon had previously perfected an appeal of his conviction, which the Court of Appeals had decided against him. *State v. Pinon*, No. 34,120, mem. op. ¶ 7 (N.M. Ct. App. Feb. 23, 2017) (non-precedential). Stating that it was "unaware of any authority that allows the district court to effectively order [the Court of Appeals] to reconsider an appeal where the appellant previously perfected an appeal," the Court of Appeals concluded that it lacked jurisdiction over the appeal and dismissed it. *Id.* ¶¶ 7-8. We granted Pinon's petition for writ of certiorari, challenging the Court of Appeals's dismissal of his reinstated appeal.

{6}     We conclude the Court of Appeals erred in dismissing Pinon's reinstated appeal. In the habeas proceedings, the district court granted Pinon's petition on the grounds of ineffective assistance of counsel and determined that the appropriate relief was to reinstate his right of direct appeal under Article VI, Section 2. The State did not

appeal this decision. Pursuant to this unchallenged decision by the district court, Pinon re-filed a direct appeal under Article VI, Section 2 with the Court of Appeals. *See* Rule 12-102(B) NMRA. Although, as noted by the Court of Appeals, Pinon had previously perfected a direct appeal, the district court concluded that his original appellate counsel failed to pursue the appeal and provide him with effective assistance in that initial appellate proceeding. Therefore, the district court concluded Pinon was deprived of his right to a direct appeal and is now entitled to reinstate a direct appeal in the Court of Appeals with the assistance of competent appellate counsel. Because Pinon's reinstated appeal was brought pursuant to the district court's unchallenged grant of habeas relief and determination that Pinon was entitled to a direct appeal with the assistance of effective appellate counsel, we conclude that the Court of Appeals erred in dismissing his appeal.

**{7}** In response to the petition for writ of certiorari the State challenges the outcome of the original habeas proceedings. The State challenges both the district court's determination that Pinon received ineffective assistance of appellate counsel and the propriety of the district court's remedy reinstating Pinon's right to a direct appeal. The State requests that we remand this case "to the district court for full consideration of [Pinon's] claims in the state habeas proceeding." We decline the State's invitation to

address the lawfulness of the district court's findings or its remedy in the habeas proceeding now because those matters are not before us to consider. While the State had the opportunity to challenge the district court's findings in the habeas proceedings it chose not to do so. For this reason, it is not appropriate for us to do so now.

**IT IS, THEREFORE, ADJUDGED THAT:**

{8}   The Court of Appeals' dismissal of Pinon's reinstated appeal is reversed and the matter is remanded to the Court of Appeals for further proceedings consistent with this order.

{9}   **IT IS SO ORDERED.**

_____
**BARBARA J. VIGIL, Justice**

**WE CONCUR:**


_____
**JUDITH K. NAKAMURA, Chief Justice**



_____
**PETRA JIMENEZ MAES, Justice**

6

_____

**CHARLES W. DANIELS, Justice**